UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **Amanda H. Menard,**<br><br>Plaintiff;<br><br>vs.<br><br>**P. Scott Lowery, P.C. a/k/a Scott Lowery Law Office, P.C. ,**<br><br>Defendant | Case No.<br><br><br>**Complaint** |

This is an action for actual damages, statutory damages, attorney's fees and costs, brought by plaintiff Amanda H. Menard, an individual consumer as defined by 15 U.S.C. § 1692(a)(3), against defendant P. Scott Lowery, P.C. a/k/a Scott Lowery Law Office, P.C. for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 277, *et seq.*

## JURISDICTION AND VENUE

1.

Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 47 U.S.C. § 277, and 28 U.S.C. § 1337.

2.

Declaratory relief is available pursuant to 28 U.SC. § 2201 and 2202.

3.

Venue in this District is proper in that defendants transact business here and the conduct complained of occurred within the Western District of Louisiana.

## PARTIES

4.

Plaintiff Amanda H. Menard is a natural person of the full age of majority residing in Acadia Parish, State of Louisiana and is a consumer as defined by 15 U.S.C. § 1692(a)(3).

5.

Defendant P. Scott Lowery, P.C. a/k/a Scott Lowery Law Office, P.C. ("Lowery") is a professional corporation established under the laws of the State of Colorado and purports to be authorized to and doing business in the State of Louisiana.

## FACTUAL ALLEGATIONS

6.

Defendant Lowery is a debt collector as defined by 15 U.S.C. § 1692(a)(6) as its principal business is collecting debts and regularly collects debts owed to another.

7.

At all times pertinent, defendant Lowery purported to be collecting a debt allegedly owed to "Care Credit" with the last four digits of the account number being 9454.

8.

The alleged indebtedness described in Paragraph 7 is a consumer debt as defined by 15 U.S.C. § 1692(a)(5) as it is for money, goods, insurance, or services primarily for personal, family, or household purposes.

9.

On or about February 15, 2012, plaintiff Amanda H. Menard retained the services of Law Offices of Baker & Associates, P.C. ("Baker") in an attempt to resolve issues with consumer debt.

10.

On February 15, 2012, Baker informed defendant Lowery that it was retained by plaintiff Amanda H. Menard and that all communications regarding the alleged indebtedness described in Paragraph 7 were to go through its law firm.

11.

On three separate occasions: on February 15, 2012; February 27, 2012; and March 8, 2012, an individual identifying himself as "Brian," employed by defendant Lowery, communicated directly with Baker regarding the consumer debt described in Paragraph 7.

12.

On or about March 15, 2012, an individual identifying himself as "Kyle," employed by defendant Lowery, initiated telephone contact directly with plaintiff Amanda H. Menard on her cell phone.  Defendant Lowery was again informed of the representation described in Paragraphs 9 and 10.

13.

At all times pertinent, both prior and subsequent to being informed of the representation described in Paragraphs 9 and 10, an individual employed by defendant Lowery contacted plaintiff's mother, Carol Hollier, regarding the consumer debt described in Paragraph 7.  Upon information and belief, plaintiff's mother was contacted three or four times.

14.

In its communications with plaintiff's mother, defendant informed Ms. Hollier of personal information including the fact that defendant alleged plaintiff owed a debt.

15.

At all times pertinent, both prior to and subsequent to being informed of the representation described in Paragraphs 9 and 10, defendant Lowery would contact plaintiff on her cell phone while she was at work. Defendant Lowery was informed that plaintiff was not allowed to receive phone calls while at work but those calls persisted subsequent to being informed of that fact.

16.

At all times pertinent, defendant Lowery would attempt telephone communication with plaintiff Amanda H. Menard on multiple occasions in the same day.

17.

In addition to the communications described in Paragraph 15, there were instances in which defendant P. Scott Lowery would call plaintiff and then initiate telephone communications with third parties, plaintiff's parents, on the same day.

**CLAIMS FOR RELIEF**

Count 1

Fair Debt Collection Practices Act ("FDCPA")

18.

Plaintiff repeats, realleges, and incorporates by reference the allegations contained in Paragraphs 1 through 17, as copies here *in extenso*.

19.

Plaintiff avers that, in the course and scope of its communications, defendant Lowery violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a) Defendant violated 15 U.S.C. § 1692c(a)(1) contacted plaintiff at places known to be inconvenient to the plaintiff;

b) Defendant violated 15 U.S.C. § 1692c(a)(2) in that it contacted plaintiff after being informed she was represented by an attorney;

c) Defendant violated 15 U.S.C. § 1692c(a)(3) by contacting plaintiff at her place of employment when it knew that plaintiff's employer prohibited such communications;

d) Defendant violated 15 U.S.C. § 1692c(b) in that it communicated with individuals other than those authorized under section concerning the debt described in Paragraph 7;

e) Defendant violated 15 U.S.C. § 1692b(2) in that it informed a third party, plaintiff's mother, that plaintiff owed a debt;

f) Defendant violated 15 U.S.C. § 1692b(3) in that it contacted a third party, plaintiff's mother, on more than one occasion without proper authority;

g) Defendant violated 15 U.S.C. § 1692b(6) in that it contacted a third party, plaintiff's mother, after having knowledge that plaintiff was represented by an attorney;

h) Defendant violated 15 U.S.C. § 1692d in that it engaged in conduct designed to harass, oppress, and/or abuse plaintiff;

i) Defendant violated 15 U.S.C. § 1692d(5) in that it caused plaintiff's phone to ring and/or engaged her in telephone conversations repeatedly or continuously with the intent to annoy, abuse, or harass her;

j) All other facts proven at the trial of this matter.

20.

The actions of defendant were intentional with the purpose of coercing plaintiff to pay on the consumer debt described in Paragraph 7.

Complaint
- 5 -

21.

As a result of the above violation of the FDCPA, plaintiff suffered actual damages, such as stress, anxiety, embarrassment, and emotional distress, from which she should be compensated in an amount proven at trial.

22.

As a result of the above violations of the FDCPA, the defendants are liable unto plaintiff for actual damages, statutory damages, attorney's fees and costs.

Count 2

Telephone Consumer Protection Act ("TCPA")

23.

Plaintiff repeats, realleges, and incorporates by reference the allegations contained in Paragraphs 1 through 22, as copied here *in extenso.*

24.

Plaintiff avers that the telephone calls made by defendant and its employees, agents, and representatives, to her cellular phone constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

25.

Pursuant to 47 U.S.C. § 227(b)(3)(B), plaintiff is entitled to statutory damages of $500.00 per violation. In the event the above-described communications were willful or knowing, plaintiff is entitled to statutory damages in the amount of $1,500.00 per violation pursuant to 47 U.S.C. § 227(b)(3)(B) and (b)(3)(C).

**WHEREFORE,** plaintiff Amanda H. Menard prays that judgment be entered against the defendant Lowery as follows:

a) Declaratory judgment that defendant's conduct violated the FDCPA;

b) Actual damages;

c) Statutory damages pursuant to 15 U.S.C. § 1692k;

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

e) Statutory damages, in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

f) Statutory damages in the amount of $1,500.00 per willful or knowing violation pursuant to 47 U.S.C. § 227(b)(3)(B) and (b)(3)(C);

g) All other legal and equitable relief the court deems necessary and proper.

Respectfully submitted:

**THE LOUQUE LAW FIRM, L.L.C.**

/s/ Robert M. Louque, Jr.
Robert M. Louque, Jr. (#28662)
700 Camp Street
Suite 212
New Orleans, Louisiana 70130
Telephone:  (504) 324-2807
Facsimile:  (504) 265-9328
Email:   robert@louquelaw.com
Attorney for Plaintiff Amanda H. Menard